## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBBIE TEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  CIV-21-1164-D |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. No. 25]. The matter is fully briefed and at issue [Doc. Nos. 31, 32, 36, 37].

### BACKGROUND

Plaintiff Debbie Teel initiated this action in state court asserting claims for breach of contract and bad faith against Defendant State Farm. State Farm removed the action and Plaintiff subsequently dismissed her bad faith claim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) [Doc. No. 24].

The breach of contract claim arises out of a homeowner's insurance policy issued to Plaintiff by State Farm. Plaintiff sought coverage under the policy after a wind storm reportedly damaged her roof and caused leaks inside her home. The parties agree that State Farm has paid $2,269.13 on Plaintiff's claim, which includes the cost to replace roof shingles that were completely blown off by the wind and repair the interior damage. However, the parties dispute whether State Farm is obligated under the policy to pay to

replace shingles that are unsealed, but not missing or otherwise damaged. State Farm contends that Plaintiff has no evidence that the unsealed shingles qualify as a covered loss under the policy, and it is therefore entitled to summary judgment on Plaintiff's breach of contract claim. Plaintiff contends that there is a factual dispute as to whether the unsealed shingles were the result of a covered loss and summary judgment is therefore not appropriate.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

At the summary judgment stage, the Court's role is not "to weigh the evidence and determine the truth of the matter," but to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S.at 249–52. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## UNDISPUTED MATERIAL FACTS[1]

Plaintiff's home is insured under a policy of insurance with State Farm and the policy was in effect on the alleged date of loss. Def.'s Undisputed Material Facts ("UMF") ¶¶ 4-5. The policy provides that State Farm will "pay for accidental direct physical loss to the property…unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy." *Id.*; Def.'s Ex. 7 at 12.

Plaintiff submitted a claim to State Farm on June 29, 2021. *Id.* at ¶ 7. She reported that a wind storm on June 25, 2021 blew some of the shingles off her roof, damaged some of the shingles, and caused interior leaks. *Id*. at ¶ 8. Plaintiff retained Roof Pro Local to inspect her home and mitigate the damage. *Id.* at ¶ 9. Mike Rollins of Roof Pro performed the inspection on June 29, 2021 and Craig Roberts of Roof Pro subsequently prepared a repair estimate.[2] *Id.*; Pl.'s Ex. 3 at 22:17-24; 35:3-7. Roof Pro estimated the cost to repair the roof at $23,651.64, which included replacing shingles that had completely blown off the roof and replacing a significant number of shingles that had lost their seal. Def.'s UMF ¶ 10; Def.'s Ex. 11. The Roof Pro report also noted that:

> The roof has multiple areas where the shingles have blown off from excessive winds. The wind has compromised the integrity of the shingles which has caused leaks. The roof is no longer effective and should be replaced as soon as possible.

---

[1] The following facts are not disputed or are established by the evidence submitted as exhibits to the parties' summary judgment briefs.

[2] State Farm asserts that Mr. Roberts never inspected the property, Def.'s Reply Br. at 3, but Mr. Rollins testified that he performed at least one inspection with Mr. Roberts present. Def.'s Ex. 3 at 53:15-54:18.

Def.'s Ex. 11. At his deposition, Mr. Rollins testified that he thought the report's reference to the wind compromising the integrity of the shingles was mainly referring to missing shingles. Pl.s' Ex. 9 at 23:5-13. He further testified that the interior leaks were related to the portions of the roof that had missing – as opposed to unsealed – shingles. *Id.* at 32:11-15. Mr. Rollins also testified that he wrote the estimate to reflect what is damaged and does not make any determination as to what is covered by a policy. *Id.* at 23:14-29. Mr. Roberts was not deposed and Plaintiff has not presented an affidavit from him.

Prior to receiving Roof Pro's estimate, State Farm retained Seek Now to conduct its own inspection of the property. Def.'s UMF ¶ 13. Seek Now reported that "[w]ind damage was found on the Front and Back slopes" and listed 35 shingles as damaged, but did not document that other shingles were unsealed or no longer adhered. *Id.*; Def.'s Ex. 12. On July 10, 2021, State Farm prepared an estimate and made a payment which included replacing the 35 shingles (although State Farm actually paid for 156 shingles because they were estimated by squares of shingles rather than individual shingles) and the interior damage to Plaintiff's home. *Id.* at ¶ 14. After applying depreciation and the policy's $1,000 deductible, the estimate came to $2,164.43. Of this amount, $943.33 was for repairs to the roof, which covered replacing missing or damaged shingles, but not shingles that were simply unsealed. *Id.* After Plaintiff identified additional interior damage, State Farm made a supplemental payment in the amount of $104.70. *Id.* at ¶ 18

State Farm received Roof Pro's estimate on July 16, 2021, but requested it be rewritten to cover only what it considered to be wind damaged shingles. *Id.* at ¶ 16. State Farm's claim notes reflect that Mr. Roberts, the purported author of Roof Pro's report,

contacted State Farm and explained that its estimate included shingles that had lost their seal.[3] *Id.* Plaintiff then requested a second inspection of the property. *Id.* at ¶ 19. State Farm initially denied the request and explained to Plaintiff's insurance agent that "non-adhered shingles are not damaged," that wind damaged shingles are "either torn, creased, or removed," and that "dirt being blown under non-adhered shingles is not typically a one-time event." *Id.* at ¶ 20; Def.'s Ex. 8 at 3-4. Eventually, however, a second inspection occurred on September 3, 2021 with a State Farm adjuster, Mr. Rollins from Roof Pro, and Plaintiff. Def.'s UMF. at ¶ 20.

State Farm's adjuster testified that she observed unsealed or loose shingles during the inspection, but did not add them to the estimate because they were not torn, creased, or missing. Pl.'s Ex. 17 at 23:2-20. The adjuster further testified that she observed torn or missing shingles on parts of the roof and that the unsealed shingles had dirt underneath them. *Id.* at 24:12-18, 38:9-13. When Mr. Rollins was asked if he agreed that there were loose shingles on the roof that were not creased or broken he answered "no" and then stated that although not every loose shingle would be creased they would not "just lose their seal randomly." Pl.'s Ex. 3 at 45:1-10. He further testified that his observations of the roof indicated that the shingles were nailed correctly. *Id.* at 45:11-46:2. State Farm has an

---

[3] The claim notes include additional statements from Mr. Roberts about the damaged shingles and Plaintiff cites to these statements in her response brief. State Farm objects to the statements as "inadmissible under Federal Rules of Civil Procedure 801-802, 601 and 901." Reply Br. at 3. The Court assumes State Farm is referring to the Federal Rules of Evidence. The applicability of some of these rules is not apparent and State Farm does not further explain its objections. However, because the motion can be resolved without reference to these particular statements, it is unnecessary to determine whether State Farm adequately raised these objections or whether the statements would be admissible.

operating guideline that sets out ways to evaluate whether unsealed shingles were caused by storm or wind damage. Pl.'s Ex. 17 [Doc. 36-1] at 5.

State Farm did not alter its estimate following the second inspection. Def.'s UMF at ¶ 22. In a letter to Plaintiff dated September 22, 2021, State Farm acknowledged that a portion of the property experienced wind damage, but stated that the unsealed shingles were "found broken as a result of wear and tear" and are not able to be added to the estimate. Def.'s Ex. 17. The letter then quoted a portion of the policy that excludes coverage for wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown. *Id.* This lawsuit followed.

## DISCUSSION

State Farm does not seek summary judgment on the basis of a policy exclusion, but rather argues that Plaintiff cannot meet her initial burden of showing that she suffered a covered loss under the policy. To prevail on a breach of contract claim under Oklahoma law, the plaintiff must establish the following essential elements: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digital Design Group, Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). When an alleged breach is based on an insurer's failure to pay benefits, the insured bears the initial burden of showing that a loss is a covered loss under the insurance policy. *Cherokee Nation v. Lexington Ins. Co.*, ___ P.3d ___ (Okla. 2022), 2022 OK 71, ¶ 11; *Pitman v. Blue Cross & Blue Shield of Oklahoma*, 217 F.3d 1291, 1298 (10th Cir. 2000). Summary judgment in favor of the insurer is therefore "proper when the undisputed facts show that the insured

has failed to establish a covered claim under its insurance policy." *Boggs v. Great N. Ins. Co.*, 659 F. Supp. 2d 1199, 1204–05 (N.D. Okla. 2009).

The insurance policy involved here provides that State Farm will pay for "accidental direct physical loss to the property" unless the loss is otherwise excluded. Neither party disputes that damage caused by wind is generally covered under the policy, but they do disagree as to what an insured must show to establish a covered loss. State Farm contends that Plaintiff must prove that the unsealed shingles were caused by the wind event she reported, and summary judgment is appropriate because she has no such evidence. Plaintiff counters that the policy is an "all-risk policy" that provides coverage for any accidental direct physical loss and does not require proof of causation,[4] but even so, there is sufficient evidence demonstrating that the shingles became unsealed during the reported wind event.[5]

---

[4] State Farm asserts that this theory was rejected in *Hubbell v. State Farm Fire & Cas. Co.*, No. 21-CV-0341-CVE-JFJ, 2022 WL 3050020 (N.D. Okla. Aug. 2, 2022). *Hubbell* ruled that failing to investigate all possible sources of roof damage, in addition to the wind and hail damage reported on the claim, did not show bad faith on the part of the insurer. In resolving a motion in limine, *Hubbell* also ruled that the plaintiffs would bear the burden of proving that damage that was not reported during the claims process was caused by the reported peril, but *Hubbell* did not address the breach of contract claim in detail.

[5] In contrast to a named perils policy, which covers "only losses suffered from a peril enumerated in the policy," an all-risk policy covers "a loss when caused by any fortuitous peril not specifically excluded by the policy." *Oklahoma Sch. Risk Mgmt. Tr. v. McAlester Pub. Sch.*, 457 P.3d 997, 1002 (Okla. 2019). An all-risk policy does not change the burden shifting framework of an insurance claim – the insured must still initially show that the loss is a covered loss – but this generally only requires proof that a physical loss was caused by some fortuitous event; proof of the precise cause of the loss is not required. *See id.*; *B.S.C. Holding, Inc. v. Lexington Ins. Co.,* 625 F. App'x 906, 912-913 (10th Cir. 2015) (unpublished) (noting that "[a]ll-risk policies cover loss from nearly all causes except those specifically excluded" and that "proof of cause" is generally not required); *Blythe v. Essentia Ins. Co.*, No. 13-CV-160-JED-PJC, 2013 WL 6835279, at *3 (N.D. Okla. Dec. 26, 2013) (noting that recovery under an all-risk policy "is allowed for fortuitous losses" and "the effect of such a policy is to broaden coverage"); 10A Couch on Ins. § 148:52

Upon consideration of the summary judgment record, the Court finds that a genuine dispute of material facts precludes summary judgment. Even accepting State Farm's position that Plaintiff must show that the reported wind event caused the shingles to unseal, Plaintiff has presented minimally sufficient evidence from which a reasonable juror could reach this conclusion. During the claims process, State Farm determined that there was at least some apparent wind damage to the roof that was covered under the policy. After Plaintiff requested a second inspection because State Farm's repair estimate did not account for additional shingles identified by Plaintiff's contractor, the adjuster inspected the roof and observed evidence indicating that the unsealed shingles were the result of wind damage. *See* Pl.'s Ex. 17 [Doc. 36-1] at 5. Although State Farm has presented evidence showing that the unsealed shingles were caused by an improper installation, Plaintiff has identified evidence disputing this conclusion, including the testimony of Mr. Rollins. Viewed in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, these facts are enough to establish a material dispute as to whether Plaintiff's claim regarding the unsealed shingles is a covered loss under the policy.

---

(explaining that "an insured does not have to prove the precise cause of the loss"). Although courts are not in perfect harmony as to what qualifies as a fortuitous event, *see Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Cont'l Ins. Co.*, 891 F.2d 772, 775 (10th Cir. 1989), the Oklahoma Court of Civil Appeals has described it as "an event which so far as the parties to the contract are aware, is dependent on chance." *Bank of Oklahoma, N.A. v. Cont'l Cas. Co.*, 849 P.2d 1091, 1092 (Okla.Civ.App. 1992) (quoting Restatement of Contracts (1932), § 291 cmt a). Because there is sufficient evidence from which to conclude that the wind event caused the shingles to unseal, it is unnecessary to resolve whether Plaintiff could establish a covered loss by showing merely that some fortuitous event caused the damage.

Accordingly, Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. No. 25] is DENIED.

**IT IS SO ORDERED** this 9th day of November, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge